UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

MIGUEL A. PARRA,

    Debtor.

CHAPTER 13

CASE NO. 10-32224-DOT

AMERICA'S SERVICING COMPANY, AS SERVICER FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION TRUST 2007-EQ1,

    Plaintiff/Movant.

vs.

MIGUEL A. PARRA
AKA MIGUEL PARRA
CARL M. BATES, TRUSTEE
and GLORIA PARRA, Co-Debtor,

    Defendants.

ORDER GRANTING
MODIFICATION OF STAY

The Motion of the Movant, America's Servicing Company, as servicer for US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2007-EQ1, to amend the automatic stay having been served on the Trustee, the Debtor and the Co-Debtor, the Co-Debtor having failed to file an answer within the time provided, the Co-Debtor being in default, and, upon agreement by Counsel

It appears that Debtor is in possession of a certain real property located at 7405 Westfield Road, Richmond, VA 23226, and described as follows:

> **All that lot, piece or parcel of land with improvements thereon and appurtenances thereto belonging, lying and being in Henrico County, Virginia, and shown as Lot 12, Block H, Buckingham Park, on plat by John H. Foster, C.L.S dated April 20, 1953 and recorded April 21, 1953 in the Clerk's Office, Circuit Court, Henrico County, Virginia in Plat Book 23, page 115.**

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

Upon consideration, it is **ORDERED**:

(1) Debtor will resume making all future regular monthly installment Principal and Interest payments in the amount of $1,013.03, plus escrow, as they become due commencing July 1, 2010, to include any late charges in the amount of $50.65 effective as of the July 1, 2010 payment, if applicable, pending further notice from the mortgage company.

(2) Terms of the Modification are as follows:

   a. Current Interest rate of 8.69% will be reduced as follows:
      i. As of 7/1/2010 interest rate will be 2.315%,
      ii. As of 7/1/2015 interest rate will be 3.315%,
      iii. As of 7/1/2016 interest rate will be 4.315%,
      iv. As of 7/1/2017 interest rate will be 4.625%.

   b. Current payment amount of $1,823.46 will be reduced as follows:
      i. As of 7/1/2010 the payment amount will be $1,013.03 plus escrow,
      ii. As of 7/1/2015 the payment amount will be $1,115.76 plus escrow,
      iii. As of 7/1/2016 the payment amount will be $1,219.77 plus escrow,
      iv. As of 7/1/2017 the payment amount will be $1,251.69 plus escrow.

   c. Current principal balance of $227,841.22 will be increased to $240,065.26 as $12,224.04 in escrow and interest have capitalized.

   d. The first payment under the modification at the reduced amount shall begin July 1, 2010.

   e. Upon modification, Movant will amend any arrearage claim being paid by the Chapter 13 Trustee to zero as the arrears have been included in this modification.

   f. All future payments should be forwarded to the following address until further notice:
      America's Servicing Company
      1 Home Campus
      MAC #X2302-04C
      Des Moines, IA 50328

(3) In the event that any payment required by this order is not received by the Movant within within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtor.  The notice of default will state in simple and plain language:

93-009416-10/knp

      a.    That the Debtor is in default in making at least one payment required under this order;

      b.    The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

      c.    The action necessary to cure the default, including any address to which payments must be mailed;

      d.    That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the notice of default:

            i.    Cure the default;
            ii.    File an objection with the Court stating that no default exists; or
            iii.    File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

      e.    That if the Trustee or Debtors do not take one of the actions set froth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

      f.    That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Trustee of Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Trustee nor Debtors have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Trustee or Debtors file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

(4)    The provisions of this order with respect to regular monthly installment payments expire one year after the date of entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

(5)    Until an order is entered terminating the automatic stay, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

(6)    The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

    (7)    Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating they Automatic Stay.

    (8)    Relief is granted as to Gloria Parra, the Co-Debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

_____

I ask for this:

## /s/ ERIC DAVID WHITE

Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Counsel for America's Servicing Company, as servicer for US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2007-EQ1
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Seen and Agreed:

## /s/ RICHARD JAMES OULTON

Richard James Oulton, Esquire
Counsel for Debtor
Affiliated Attorneys, Inc.
2807 N. Parham Road, Suite 107
Richmond, VA 23294

## /S/ CARL M. BATES

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

**93-009416-10/knp**

CERTIFICATE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions, that the terms in paragraph 1 (one) and paragraph 2 (two) have been approved by the Court, and that it has been endorsed by all necessary parties involved in this proceeding.

**/s/ ERIC DAVID WHITE**
Samuel I. White, P. C.

The Clerk shall mail a copy of the entered Order to the following:

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

Richard James Oulton, Esquire
Counsel for Debtor
Affiliated Attorneys, Inc.
2807 N. Parham Road, Suite 107
Richmond, VA 23294

Miguel A. Parra
Debtor
7405 Westfield Road
Richmond, VA 23226